UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALBERT CHICANO, on behalf of himself and all others similarly situated,

Plaintiff,

v.

MONIER, INC., a California corporation,

Defendant.

Case No. C06-5028FDB

ORDER GRANTING MOTION OF ALL PARTIES FOR ENTRY OF JOINT STATUS ORDER

This case concerns a roofing tile product manufactured by Defendant Monier. Plaintiff Chicano alleges that Monier failed to disclose that its slurry-coated roofing tiles prematurely erode down to bare concrete. Chicano proposes a class of Washington consumers who own or have owned homes or other structures on which Monier's roofing tile product was installed.

Monier contends that this action is not appropriate for class certification and notes that its limited warranty states that the color coat is subject to wear from the weathering process, expressly excluding the wearing away of the color coat in its warranty.

The attorneys for the parties jointly move for an order resolving certain issues set forth in the Joint Status Report upon which the parties could not agree. The Court rules as follows on the following discovery issues and certification deadlines.

ORDER - 1

**A. Phased Discovery, Completion of Pre-Certification Discovery.**

The Court will follow the <u>Manual for Complex Litigation</u> § 21.14 which distinguishes between discovery related to certification issues of Fed. R. Civ. P. 23 and discovery related to the merits of the allegations. Accordingly, there will be a preliminary stay on merits discovery, although a party wishing to conduct merit discovery may apply to the Court for a limited order lifting the stay on a good cause showing that the merits discovery is relevant and necessary to a determination of certification issues. Pre-certification discovery should be completed prior to Plaintiff filing a motion for class certification.

**B. Limits on Depositions**

The Court will follow the provisions of Fed. R. Civ. P. 30 limiting depositions to no more than ten per side unless there is a written stipulation of the parties or leave of court to is granted to do otherwise.

**C. Class Certification Deadlines**

*1. Expert Discovery Relevant To Class Certification*

Prior to the Court's decision on class certification, the only expert reports to be exchanged will be those necessary to resolving class certification issues. The Court can see no good reason why such expert reports should not be submitted simultaneously according to the usual practice. Therefore, any expert reports necessary for resolving the issues pertaining to class certification are to be provided as follows. Expert testimony in support of or in opposition to Plaintiffs' Motion for Class Certification shall be exchanged simultaneously six (6) weeks prior to the date Plaintiffs' Motion for Class Certification will be filed, and rebuttal expert testimony should be simultaneously exchanged four (4) weeks prior to that motion.

*2. Briefing Schedule for Motion for Class Certification*

The parties are in agreement that the original dates suggested by the parties for filing the Motion for Class Certification in the Joint Status Report are unrealistic and request that the Court set

ORDER - 2

the deadlines as follows: deadline for filing the Class Certification Motion, March 15, 2007; deadline for Defendant's response, May 1, 2007; deadline for Plaintiff's reply, May 10, 2007.  The deadlines are therefore set accordingly.

NOW, THEREFORE, IT IS ORDERED: the Motion of All Parties for Entry of Joint Status Order [Dkt. # 23] is GRANTED, and the Court enters this order resolving the issues presented as set forth above.

DATED this 27th day of November, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3