1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALBERT CHICANO, on behalf of himself and
all others similarly situated,

                              Plaintiff,

          v.

MONIER, INC., a California corporation,

                              Defendant.

Case No. C06-5028FDB

ORDER GRANTING DEFENDANT'S
MOTION FOR LEAVE TO
CONDUCT DISCOVERY OF
ABSENT CLASS MEMBERS

**INTRODUCTION**

In this cause of action, which concerns a roofing tile product manufactured by Defendant

Monier, Plaintiff Chicano alleges that Monier failed to disclose that its slurry-coated roofing tiles

prematurely erode down to bare concrete.  Chicano proposes a class of Washington consumers who

own or have owned homes or other structures on which Monier's roofing tile product was installed.

Distinguishing between discovery related to the merits of the cause of action and discovery

related to certification issues, the Court recently entered an order staying merits discovery in order

that the parties may focus on discovery relevant and necessary (including merits discovery if good

cause is shown) to determination of certification issues.

Monier moves for leave to conduct discovery of the eleven potential class members disclosed

ORDER - 1

1   by Chicano in order to discovery factual evidence pertaining to class certification issues, including

2   whether or not common or individual issues predominate for each class member's individual claim,

3   and whether or not the class representative's claims are typical of the class.  Monier seeks leave to

4   propound a short set of interrogatories and requests for production (attached to the motion)  to the

5   eleven putative class members; then, based upon those responses Monier seeks leave to take the

6   depositions of three unnamed class members.

7       Plaintiff Chicano opposes Monier's discovery motion on the basis that such discovery would

8   impose a substantial and unwarranted burden on the absent class members  and that the discovery is

9   unnecessary for Monier to make the point that reliance varies from consumer to consumer.  Chicano

10  argues that individual reliance issues are not relevant to the certification issues.

11      Having considered Defendant's motion and the opposition thereto, and the Court being fully

12  informed, Defendant Monier's Motion for Leave To Conduct Discovery of Absent Class Members is

13  granted.

14                    **DISCUSSION**

15      Certain prerequisites to maintaining a class action are set forth in Fed. R. Civ. P. 23,  which,

16  in pertinent part provides as follows :

17          (a) **Prerequisites to a Class Action.**  One or more members of a class may
            sue or be sued as representative parties on behalf of all only if (1) the class is so
18          numerous that joinder of all members is impracticable, (2) there are questions of law
            or fact common to the class, (3) the claims or defenses of the representative parties
19          are typical of the claims or defenses of the class, and (4) the representative parties will
            fairly and adequately protect the interests of the class.
20
        The class that Plaintiff contemplates is made up of individuals and entities who own or have
21
    owned homes or structures in Washington State on which Monier slurry-coated concrete roof tiles
22
    are or have been installed; the class period is eleven years between 1986 and 1987. [Complaint ¶ 2.2]
23
    Plaintiff alleges that Monier made "many representations to consumers about the tiles"but "failed to
24
    disclose the fact that the slurry coat would wear away leaving the consumer with an unsightly and
25

26  ORDER - 2

1   uncolored concrete roof." [Complaint ¶ 6.21]  Plaintiff alleges he and the class members have "been

2   damaged by Defendant's misconduct in that he received less than that for which he bargained, [and]

3   the value of his property has been diminished ... ." [Complaint ¶ 8.5]

4        Monier references Chicano's deposition testimony regarding the information he received

5   about the tiles prior to purchase: purchased them from a distributor, personally installed them with

6   his father-in-law, looked at only one piece of Monier literature for a product style (Homestead) that

7   he did not purchase, and which he obtained from a distributor of concrete building products.

8   Chicano stated that had he known that the warranty excluded physical deterioration of the color coat

9   due to exposure to the elements, he would not have purchased the tiles.

10       The proposed class is not limited to those parties who obtained and installed tiles as Chicano

11  did, but includes those who purchased tiles from a Monier sales representative, those who purchased

12  a tract or custom home with tiles already installed, those who purchased a used home form a

13  previous homeowner, and owners of commercial structures who purchased the tiles in any number of

14  ways.

15       Monier asserts that during the class period, it used various pieces of literature and brochures

16  containing different representations.  Thus, Monier argues that what Monier representations,

17  including any warranty, a class member received; what representations a class member received from

18  other sources; and what was important to the homeowner and what he relied upon in deciding to

19  make the purchase, are all facts that are important in determining whether individual versus common

20  facts are required for a class member to establish liability.  When a putative class member discovered

21  the color wearing off the tiles will vary from individual to individual, as well, giving rise to statute of

22  limitations issues.

23       Monier argues that in order to present this type of evidence at class certification and show

24  that class members' claims cannot be established by common facts and/or that the named plaintiff's

25  claim is not typical of the class, it needs depositions from a sampling of class members.

26  ORDER - 3

1  The Court agrees that what representations, if any, a class member received; whether the

2  representations, if any, misled him into expecting that the slurry color coat would last for 50 years;

3  and whether he relied upon those representations to his detriment are all relevant to whether

4  common proof or individual proof is required for each class member to establish liability.  Moreover,

5  the Manual for Complex Litigation § 21.142 provides that in order to assist the judge in determining

6  whether common questions predominate over individualized ones,

7        Pre-certification discovery may be needed to assist the judge in distinguishing the
      individual from the common elements of the claims, issues, and defenses, and in

8        deciding the extent to which the need for individual proof outweighs the economy of
      receiving common proof.

9  A court cannot rely merely on an allegation in a complaint that Rule 23 requirements are satisfied.

10  *General Tel. Com. Of the Southwest v. Falcon*, 457 U.S. 147 (1982).  While Plaintiff asserts that

11  there is a presumption of reliance under Washington law, the Court cannot so conclude and agrees

12  with Monier that where, as here, the claim is based upon an alleged failure to disclose facts necessary

13  to ensure that stated representations are not misleading, and class members received different

14  representations from different sources, courts have found that a presumption of reliance is not

15  appropriate.  Each class member must individually show what was received and what was relied

16  upon because what a class member was told is as important as what was purportedly missing.  *See,*

17  *e.g., Poulos v. Caesars World, Inc.*, 379 F.3d 654, 667 (9th Cir. 2004). The Court agrees that unless

18  the same representation is made to each class member and that representation would be material to

19  any reasonable person deciding to purchase, individual proof of reliance is required.  *Mirkin v.*

20  *Wasserman*, 5 Cal.4th 1082, 1089-91 (1993)(California Supreme Court concluded that securities law

21  analysis of reliance was inapplicable to consumer misrepresentation cases).

22  NOW, THEREFORE, IT IS ORDERED: Defendant Monier's Motion for Leave To Conduct

23  Discovery of Absent Class Members [Dkt. # 28] is GRANTED.  Defendant Monier is granted leave

24  to propound the attached set of interrogatories and requests for production of documents to the

25

26  ORDER - 4

1  eleven identified absent class members.  After obtaining the verified responses, Monier is granted

2  leave to take the depositions of three of those absent class members.

3

4  DATED this 1st day of December, 2006.

5

6  _____

7  FRANKLIN D. BURGESS
   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  ORDER - 5

**ATTACHMENT TO ORDER**

**LIST OF INTERROGATORIES**

    1.  Current address.

    2.  Whether the homeowner purchased tiles or a home on which the tiles were already installed.

    3.  If he/she purchased the tiles, when and from whom.

    4.  If he/she purchased the tiles, identify the person or entity that installed the tiles on the home.

    5.  If he/she purchased a home on which tiles were already installed, was it a new home (i.e., was the owner the first person to live in the home).

    6.  If he/she purchased a home from a prior owner, when and from whom.

    7.  Identify each and every person who told the homeowner prior to the purchase (of either the tiles or home on which the tiles were already installed) how the tiles perform, and for each person describe what that person told the homeowner.

    8.  Identify all Monier literature or representations that the homeowner reviewed or heard prior to the purchase.

    9.  If, prior to purchase, the homeowner was informed that the color coat on the Monier tiles would not wear away, identify each and every source from which the homeowner obtained this information.

    10.  State whether the homeowner has ever cleaned his/her/ roof; and, if so, for each time it was cleaned describe when, why, and the method used.

/////

/////

ORDER - 6

**LIST OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

 1. All Monier documents that the homeowner received prior to purchase of the tiles or the home on which the tiles were already installed.

 2. All documents about the performance of the roof tiles that the homeowner received from any other source besides Monier prior to purchase of the tiles or the home on which the tiles were already installed.

 3. All Monier documents that the homeowner received after the purchase of the tiles or the home on which the tiles were already installed.

 4. If the homeowner had the tiles installed on his/her home, any documents from any other roofing material manufacturer that the homeowner considered prior to purchasing the Monier tiles.

 5. Any documentation of any communication between homeowner and Monier regarding the tiles on his/her home.

ORDER - 7