UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALBERT CHICANO, on behalf of himself and all others similarly situated,

　　　　　Plaintiff,

　　v.

MONIER, INC., a California corporation,

　　　　　Defendant.

Case No. C06-5028FDB

ORDER DENYING RECONSIDERATION OF DISCOVERY ORDER

　　　　Plaintiff moves for reconsideration of the Court's order granting Defendant leave to conduct discovery of eleven potential class members, asserting that under Washington's Consumer Protection Act proof of individual reliance is not required.  Defendant responded at the Court's request, objects to reconsideration, and argues that reliance upon the alleged misrepresentation must be shown in this case involving alleged misrepresentations.

　　　　Plaintiff is not entitled to reconsideration.  The *Pierce* case cited by Plaintiff did not deal with misrepresentations, rather, it concerned the omission of a written report required by statute. *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784-85 (1986) held: "Hereafter, five elements all statutorily based, must be established by a plaintiff in order that he or she prevail under a private CPA action." The five elements are as follows: (1) the existence of an

ORDER - 1

unfair or deceptive act (defined as an act that has the capacity to deceive a substantial number of members of the public), (2) in the course of trade or commerce, (3) which affects the public interest, (4) injury to business or property, and (5) causation between the unfair or deceptive act and the injury. 105 Wn.2d at 783-85. Thus, in order to prove proximate causation in a case of misleading representations, each class member must show that he/she would not have purchased the good or service "but for" the alleged misrepresentation(s), which necessarily requires reliance.

ACCORDINGLY, IT IS ORDERED: Plaintiff's Motion to Reconsider Discovery Order [Dkt. # 36] is DENIED.

DATED this 2nd day of February, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2