UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALBERT CHICANO, on behalf of himself and all others similarly situated,

    Plaintiff,

    v.

MONIER, INC., a California corporation,

    Defendant.

Case No. C06-5028FDB

ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

Plaintiff brought this cause of action alleging color and coating loss of its slurry-coated concrete roofing tiles. While Plaintiff continues to contend that Defendant's product is defective, he, nevertheless moves for voluntary dismissal without prejudice stating that given the Court's rulings with respect to the need to show reliance, Plaintiff does not believe that the class will be well served by continuing this action. Plaintiff asserts there will be no legal prejudice as a result of the dismissal.

Monier opposes the grant of voluntary dismissal without certain conditions in order to avoid legal prejudice to Monier. Monier requests as conditions that (1) The plaintiff and putative class be bound by the Court's findings regarding what must be shown for a class member to establish a Consumer Protection Act claim in any second action involving the same claims against Monier, Inc., and (2) Monier Inc. May use the discovery conducted in the present litigation in any second action by the plaintiff or the putative class involving the same claims.

**DISCUSSION**

ORDER - 1

Fed. R. Civ. P. 41(a)(2) states in pertinent part that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."  The court "must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Hamilton v. Firestone Tire & Rubber Co., Inc.* 679 F.2d 143, 145 (9th Cir. 1982).   While there is no precise definition of the term "legal prejudice," it has been held that legal prejudice does not result from the mere prospect of a second lawsuit in state court or when a plaintiff gains some tactical procedural advantage.  *Id.* at 145.

In support of its request for protective conditions, Monier cites *RMD Concessions, LLC v. Westfield Corp.*, 194 F.R.D. 241 (E.D. Va. 2000) where the court conditioned dismissal following Defendant's successful transfer motion:

> It is established that defendants are entitled to protection from legal prejudice, and not from mere inconvenience or tactical disadvantage. [Citation and footnote omitted.] One circumstance in which a defendant suffers legal prejudice is where a voluntary dismissal potentially unravels the effect of an earlier legal ruling. [FN6] Put another way plaintiffs may not use Rule 41(a)(2) to avoid or undo the effect of an unfavorable order or ruling.

*Id.* at 243.  Footnote 6 stated:

> *See* 8 Moore's Federal Practice § 41.40[7][b] (3d e. 1999) ("A dismissal to avoid the effect of ... unfavorable, but not necessarily dispositive, rulings by the court may constitute legal prejudice.").  Thus, the Eleventh Circuit concluded that a plaintiff could not voluntarily dismiss a case once it had been remanded by the Court of Appeals for further proceedings, as to do so would deprive the defendant of the benefit of that order.  *See* <u>Druid Hills Civic Ass'n v. Federal Highway Administration</u>, 833 F.2d 1545, 1549-50 (11th Cir. 1987).  Similarly, a district court in the Northern District of Illinois concluded that plaintiffs could not avail themselves of a voluntary dismissal to escape the effect of unfavorable discovery rulings.  *See* <u>Webb v. Altec Indus.,</u> 1994 WL 162815, at *2 (N.D. Ill. April 25, 1994).

In *RMD Concessions*, the Court noted as the plaintiff's attorney was not licensed to practice in the district to which the case was transferred, plaintiff could reasonably be expected to refile the case in yet another jurisdiction, thus, effectively depriving defendants of the benefit of the court order that transferred the case.

In this case, Plaintiff Chicano frankly states that given this Court's ruling that individual

ORDER - 2

reliance will be required to prove Plaintiff's claims, he does not believe that the class will be well served by continuing this action.  Defendant Monier argues that Plaintiff is seeking to avoid the expected adverse result of this ruling on the class certification issue.

Defendant Monier also points to the case of *In re Piper Aircraft Distribution System Antitrust Litigation*, 551 F.2d 213, 220-21 (8th Cir. 1977) whereby a Florida court denied a Rule 23 motion for class certification, but Plaintiff was able to obtain a dismissal of the action without court approval because no answer had been filed.  The Defendants argued that this avoidance of the adverse ruling worked an injustice on the defendants by giving the Plaintiff two bites of the same apple.  The appellate court responded to this argument that the district court could have deferred a ruling on the motion to dismiss until an answer had been filed, following which the court could have conditioned the dismissal upon the finding regarding class certification be binding in any future litigation on the same claim.

In the case at bar, Plaintiff Chicano consents to the condition that Defendant be allowed to re-use discovery taken in this case in a future similar action, but objects to binding future putative class members to this Court's ruling as to what a class member must show to establish a Consumer Protection Act claim in any second action involving the same claims against Monier.  Plaintiff cites to the Manual for Complex Litigation (3d ed.) § 30.11 for the proposition that a "precertification ruling on the merits ... binds only the individual parties, " though "it may have precedential effect on the putative class members."   Plaintiff argues that should there be another lawsuit, Monier would be free to present this Court's rulings as persuasive authority or to try to demonstrate the elements of collateral estoppel, but that Monier may not bind the putative class members who have not been named parties, as no class has yet been certified.

In this case, there is not simply the prospect of another lawsuit or the potential for the Plaintiff to gain a tactical advantage.  To grant dismissal without the conditions requested by Defendant gives the Plaintiff the advantage of being able to avoid or undo the effect of this Court's

ORDER - 3

prior discovery rulings.  ACCORDINGLY,

IT IS ORDERED: Plaintiff's Motion for Voluntary Dismissal [Dkt. # 44] is GRANTED IN PART, dismissal being ON THE FOLLOWING CONDITIONS:

1. Plaintiff Chicano and the putative class is bound by the Court's rulings regarding what must be shown for a class member to establish a Consumer Protection Act (CPA) claim [Dkts. # 35 & 42] in any second action involving the same claims against Monier, Inc.; and

2. Monier, Inc. may use the discovery conducted in the present litigation in any second action by the Plaintiff or the putative class involving the same claims.

3. Plaintiff Chicano shall file no later than April 9, 2007 a notice that he is accepting the conditions the Court has imposed before a dismissal without prejudice will be granted in this case, or that he will, instead, proceed with this case.

DATED this 27th day of March, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4